# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CONNIE GANTT, | : | |
| Plaintiff | : | |
| v. | : | 5:06-CV-400 (WDO) |
| CITY OF FORSYTH, et al., | : | |
| Defendants | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss (Doc. 31) and Defendants' Amended Motion to Dismiss (Doc. 32) in which Defendants argue Plaintiff's retaliation claim should be dismissed. For the reasons expressed herein, Defendants' Motion is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

According to the facts alleged in the Complaint and Amended Complaint, Plaintiff Connie Gantt was originally hired by Defendant City of Forsyth on November 27, 1995, as a cashier. Plaintiff was later promoted to the position of billing clerk in January of 2000. Over the next few years Plaintiff applied for several more promotions, but each time the job was awarded to another individual. On December 5, 2005, Plaintiff, an African-American woman, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging she was denied advancement due to her race.

On October 16, 2006, Plaintiff was placed on probation for ninety days because Plaintiff was allegedly not doing her job. Three days later, on October 19, 2006, Plaintiff was suspended without pay for one day as a result of allegedly not doing her job. On November 24, 2006,

1

Plaintiff filed suit against Defendant City of Forsyth, the Mayor of Forsyth, six members of the Forsyth City Council, and the Forsyth City Clerk asserting a racial harassment claim based on Title VII of the Civil Rights Act of 1964 (Title VII) and an equal protection claim based on 42 U.S.C. §1983. Plaintiff's counsel subsequently mailed notice of the lawsuit and a Request For Waiver of Service of Summons to Defendants on November 30, 2006. The next day, prior to receiving notice of the pending lawsuit, Forsyth City Clerk informed Plaintiff that she was being terminated for "poor performance" and "failure to cooperate with the FMLA independent evaluation." (Am. Compl. ¶ 13.)

Plaintiff filed a second Charge of Discrimination with the EEOC Charge on December 6, 2006, alleging retaliation. On January 3, 2007, Plaintiff appealed the termination of her employment to the Administrative Committee of the City Council. On or about January 10, 2007, Plaintiff received final notification from the Administrative Council that her appeal had been denied.

After answering the Complaint, Defendants filed a Motion to Dismiss Plaintiff's Title VII claims against the individual defendants arguing they were not subject to suit. The Court agreed and dismissed the Title VII claims against those defendants pursuant Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (finding individual capacity suits under Title VII are inappropriate). The Court also ordered Plaintiff to restate her § 1983 claim as Plaintiff's Complaint, with respect to those claims, was vague and ambiguous.

Plaintiff thereafter filed a "more definite statement" to clarify her claims. Defendants then filed a second Motion to Dismiss asking the Court to (1) dismiss as time barred the allegation that Plaintiff was denied a promotion in October 2004, and (2) dismiss all claims

against the City of Forsyth, the Mayor and City Council Members for failure to state a claim. In response, Plaintiff voluntarily dismissed her Title VII claim based on the allegation that she was wrongfully denied a promotion in October of 2004 and her § 1983 claims against the Mayor, City Council and City of Forsyth. Plaintiff also sought and obtained leave to amend her complaint to add a retaliation claim.

The matter has now been submitted to the Court on Defendants' Motion to Dismiss and Defendants' Amended Motion to Dismiss the retaliation claim. Defendants contend there is no causal connection between Plaintiff's "protected activities" of filing EEOC charges or the claims in this case and the allegedly adverse employment actions. Plaintiff contends she has stated a claim of retaliation because less than 2 months passed between the date she filed her Original Complaint in November of 2006 and the date she was informed that her appeal of her terminated was denied in January of 2007.

## ANALYSIS

### A. Motion to Dismiss Standard

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's

claim must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**B. Title VII Retaliation**

Pursuant to Title VII, it is unlawful for an employer to discriminate against its employee because the employee has opposed any practice made unlawful by Title VII. Wallace v. Georgia Dept. of Transp., 212 Fed. Appx. 799, 802 (11th Cir. 2006) (citing 42 U.S.C. § 2000e-3(a)). "To establish a prima facie case of retaliation under Title VII, 'a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events.'" Id. (citing Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir.2002)). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Id. (citing Gupta v. Florida Bd. of Regents, 212 F.3d 571, 590 (11th Cir.2000)). "We have noted that the Supreme Court in a Title VII retaliation case has stated that in order to show a causal connection mere temporal proximity between knowledge of protected activity and an adverse action must be 'very close.'" Id. (citing Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir.2004) (involving alleged retaliation under the ADA) (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001))). "Moreover, we have observed that the Supreme Court has cited with approval decisions in which a three to four month disparity was found to be insufficient to show causal connection." Id. "We concluded that 'if there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law.'" Id. (seven months between filing EEOC complaint and written reprimand insufficient to show requisite causal connection to establish prima facie case of retaliation). See also Olson

4

v. Lowe's Home Centers, Inc., 130 Fed. Appx. 380, 393 (11th Cir. 2005) (nine months); Embry v. Callahan Eye Foundation Hospital, 147 Fed. Appx. 819, 830-31 (11th Cir. 2005) (nine months); Miller v. Lectra USA, Inc., 145 Fed. Appx. 315, 318 (11th Cir. 2005) (seven months); Cobb v. TSI Telecommunications Services, Inc., 172 Fed. Appx. 293, 293 (11th Cir. 2006) (six months); Hammons v. George C. Wallace State Community College, 174 Fed. Appx. 459 (11th Cir. 2006) (five months).

In addition to showing temporal proximity between the protected act and the allegedly adverse employment action, a plaintiff must show that her employer actually knew about her protected activity. See Clark County, 532 U.S. at 272. In Clark County, the plaintiff claimed she was punished for filing charges against her employer with the state Equal Rights Commission and the Equal Employment Opportunity Commission and for filing the actual lawsuit. Id. at 271. The plaintiff filed her lawsuit on April 1, 1997, and on April 10, 1997 [her] supervisor "mentioned to [the] Executive Director of plaintiff's union, that she was contemplating transferring plaintiff to the position of Director of Professional Development Education." Id. at 271-72. This transfer was later carried out a month latter in May. Id. "In order to show, as her defense against summary judgment required, the existence of a causal connection between her protected activities and the transfer, [the plaintiff relied] wholly on the temporal proximity of the filing of her complaint on April 1, 1997 and [her supervisor's] statement to [the] union representative on April 10, 1997 that she was considering transferring plaintiff to the new position." Id. The "respondent did not serve petitioner with the summons and complaint until April 11, 1997, one day after Rice had made the statement, and Rice filed an affidavit stating that she did not become aware of the lawsuit until after April 11, a claim that

5

respondent did not challenge." Id. The district court concluded that the respondent had not shown a causal connection between her protected activities and the adverse employment decision and awarded summary judgment to the employer. Id.

On appeal, the Court of Appeals reversed because although " the actual transfer occurred one month after Rice learned of respondent's suit," "[t]he EEOC had issued a right-to-sue letter to respondent three months before Rice announced she was contemplating the transfer." Id. at 272. The case was thereafter heard by the Supreme Court, which noted the actual date of plaintiff's transfer was "immaterial in light of the fact that petitioner concededly was contemplating the transfer before it learned of the suit." Id. The Court explained that "[e]mployers need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." Id. Accordingly, the Court reversed the court of appeals and affirmed the district court's summary judgment for the employer holding " there is no indication that Rice even knew about the right-to-sue letter when she proposed transferring [the plaintiff]." Id. at 273-74.

### C. *Plaintiff Gantt's Retaliation Claim*

Taking all of Plaintiff Gantt's allegations in her Complaints into consideration, including those asserted in her response to Defendants' motion to dismiss, Plaintiff failed to allege facts that state a claim that Defendants discriminated against her because she opposed a practice made unlawful by Title VII. Even assuming that Plaintiff engaged in "statutorily protected expression" when she filed her EEOC charges and this lawsuit, and that Plaintiff's probation, suspension, and termination were "adverse employment actions" under Title VII, Plaintiff has

6

nevertheless failed to meet her burden. Plaintiff has failed to allege facts that would establish either a causal connection between the protected expressions and the alleged adverse employment actions or show the decision-makers were aware of her last alleged protected conduct, the filing of this case.

Plaintiff asserts that her retaliation claim is based upon the filing of two EEOC charges and the filing of this lawsuit. First, Plaintiff cannot establish a causal connection between the EEOC filed on December 5, 2005, and her probation, suspension, or termination. Plaintiff was placed on probation on October 16, 2006, was suspended without pay on October 19, 2006, and was terminated on December 1, 2006. Thus, Plaintiff's first Charge was filed more than eleven months before she was placed on probation, suspended, or terminated. Accordingly, there can be no causal connection between the filing of Plaintiff's first Charge and these events. Second, Plaintiff cannot establish a causal connection between the EEOC Charge filed on December 6, 2006. Clearly, there is no causal connection between Plaintiff's probation, termination, and suspension as both occurred before Plaintiff filed her EEOC Charge.

Finally, Plaintiff cannot argue she was placed on probation, suspended, or terminated in retaliation for filing this lawsuit. She filed suit on November 24, 2006, the case was entered on the docket on November 27, 2006, and her counsel mailed the Notice of Lawsuit and Request For Waiver of Service of Summons on November 30, 2006. Plaintiff was terminated the next day, before Defendants received the Notice of Lawsuit. Again, there is obviously no causal connection between the filing of this lawsuit and Plaintiff's probation and suspension as both occurred before the suit was filed. Further, as Plaintiff failed to allege facts showing Defendants knew of the lawsuit at the time she was terminated, Plaintiff can establish no causal connection

between the filing of this lawsuit and her termination.  Moreover, the fact that Plaintiff's appeal of her termination was denied does not change the ultimate conclusion in this case in light of the fact that the termination occurred before the decision-maker learned of this lawsuit.  Defendants, like the defendants in Clark, were not required to suspend the termination upon discovering that Plaintiff's Title VII lawsuit had been filed. Thus, considering all the facts and circumstances involved, the denial of Plaintiff's appeal is not evidence of causality.

## CONCLUSION

Based on the foregoing, Plaintiff failed to allege facts that would establish the requisite elements of a retaliation claim and Defendants' motion to dismiss the retaliation claim is GRANTED.

**SO ORDERED this 10th day of October, 2007.**

                               **S/ C. Ashley Royal**
                               **C. ASHLEY ROYAL**
                               **UNITED STATES DISTRICT JUDGE**

CF/scs/ssh